978 F.2d 1259
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Freginald Ardell CONYERS, Defendant-Appellant.
 No. 92-5302.
 United States Court of Appeals, Sixth Circuit.
 Nov. 9, 1992.
 
 Before MILBURN, ALAN E. NORRIS and KRUPANSKY, Circuit Judges.
 PER CURIAM:
 
 
 1
 The defendant-appellant Freginald Ardell Conyers has appealed from his conviction for distribution of cocaine base. The three count indictment returned against Conyers on September 12, 1991, charged him with conspiring to distribute cocaine base in violation of 21 U.S.C. § 846, aiding and abetting in the distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and distribution of five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). After a two-day jury trial, beginning on November 26, 1991, the jury returned a guilty verdict against the defendant on count three of the indictment, distribution of five grams or more of cocaine base, but could not reach an unanimous verdict on counts one and two. Conyers was then sentenced under the Sentencing Guidelines to 120 months and a retrial date was scheduled for the two remaining counts. On the government's motion, the district court dismissed the remaining two counts.
 
 
 2
 In May of 1991, John Anthony Isbell, Sr., began working as an undercover police officer for the Chattanooga Police Department, Narcotics Division. While posing as a drug purchaser on June 9, 1991, Officer Isbell met with Conyers who arranged for the sale of 2.6 grams of cocaine base. On June 13, 1991, Officer Isbell again met with Conyers and purchased a quantity of cocaine base. On this occasion, Conyers not only negotiated the transaction, but delivered the drugs himself. Conyers was arrested on September 19, 1991, by agents from the federal Drug Enforcement Agency, the Tennessee Bureau of Investigation and officers of the Chattanooga Police Department.
 
 
 3
 Conyer's first assignment of error on appeal charged that there was insufficient evidence to support the conviction because the government failed to prove beyond a reasonable doubt that defendant was predisposed to commit the crime after defendant had entered an affirmative defense of entrapment. This argument is without merit. This circuit has previously addressed this issue and concluded that "[t]he central inquiry in entrapment cases is whether law enforcement officials implanted a criminal design in the mind of an otherwise law-abiding citizen or whether the government merely provided an opportunity to commit a crime to one who was already predisposed to do so." United States v. Pennell, 737 F.2d 521, 531 (6th Cir.1984), cert. denied, 469 U.S. 1158 (1985). Although numerous defense witnesses testified that Conyers had "learned his lesson" and "gone straight," there was more than enough evidence for the jury to find beyond a reasonable doubt that defendant had been prediposed to commit the crime and that the government had merely presented him with the opportunity to do so.
 
 
 4
 Conyers next contends that the government should have been required to prove a reasonable suspicion that he was engaging in illegal drug activities before targeting him for an investigation. In support of this claim, defendant advanced an argument from Justice O'Connor's concurrence in Jacobson v. United States, --- U.S. ----, 112 S.Ct. 1535, 1544 (1992) wherein she stated that the majority opinion in Jacobson had introduced "a new requirement that Government sting operations have a reasonable suspicion of illegal activity before contacting a suspect." This interpretation of Jacobson is misguided. Justice O'Connor had not urged the adoption of a reasonable suspicion test and nowhere in the majority opinion did the Court adopt such a test. All that the Jacobson decision requires is that the prosecution prove beyond a reasonable doubt "that the defendant was disposed to commit the criminal act prior to first being approached by Government agents." Id. at ----, 112 S.Ct. at 1541. In fact, the Court explicitly approved the type of conduct that occurred in Conyers' case:
 
 
 5
 an agent deployed to stop the traffic in illegal drugs may offer the opportunity to buy or sell drugs, and if the offer is accepted, make an arrest on the spot or later. In such a typical case, or in a more elaborate "sting" operation involving government-sponsored fencing where the defendant is simply provided with the opportunity to commit a crime, the entrapment defense is of little use because the ready commission of the criminal act amply demonstrates the defendant's predisposition.
 
 
 6
 Id. at ----, 112 S.Ct. at 1541. This description is essentially identical to the undercover operation involved in this case. Conyers was approached by an undercover agent who sought to arrange a purchase of cocaine. Conyers indicated that he had drugs to sell and in fifteen minutes the drugs arrived. On the next occasion when the agent approached Conyers, defendant personally delivered the drugs. Thus, contrary to Conyers' contentions, his prompt agreement to commit the crime was sufficient to disclose a predisposition beyond a reasonable doubt to distribute cocaine. This showing of predisposition satisfies the required burden of proof necessary to rebut the affirmative defense of entrapment.
 
 
 7
 Conyers' other assignments of error are equally without merit.
 
 
 8
 Accordingly, defendant's conviction is AFFIRMED for the reasons expressed herein.